UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TREMAIN DON'TE ADDISON,

                Plaintiff,

                                          Case No. 25-cv-0101-bhl

  v.

TERMAN SPENCER, et al,

                Defendants.

## SCREENING ORDER

On January 21, 2025, Tremain Don'te Addison, proceeding without an attorney, filed a complaint invoking this Court's federal question jurisdiction and alleging violations of 42 U.S.C. §1983. (ECF No. 1.) The complaint identifies five defendants: Terman Spencer, Valerie Daniel Carter, Oprah Winfrey, Ken Marlon Valentine, and Barack Obama. (*Id.*) Addison also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Addison's IFP motion and the screening of his complaint.

## IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). Addison's IFP application includes information about his finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 4). He represents that he is unemployed, unmarried, and has no monthly income. (ECF No. 2 at 1–2.) He lists his monthly expenses as 0, but notes that he has "food share" and Medicaid. (*Id.* at 2–3.) He has no assets. (*Id.* at 3.) He further indicates that he was released from Milwaukee Secure Detention Facility on the day of filing his paperwork. (*Id.* at 4.) Given his allegations, the Court will grant him IFP status.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must also screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

Addison asserts that "they" recorded an occultist movie "without [his] permission," then tried to kill him. (ECF No. 1 at 2.) He believes the filming was done "to 'test' the Benzytine plot and conspiracy in regards to the secret of the Holy Bible." (*Id.* at 3.) He alleges that this began at

Holy Redeemer Church and has continued from 2019 onward. (*Id.* at 2.) Addison goes on to accuse Terman Spencer of putting a chip in his head at birth. (*Id.* at 3.) He believes that this chip gives "them" access to his thoughts and his location. (*Id.*)

Addison's allegations are frivolous and fail to state claims against any of the defendants. Substantively, the allegations are "wholly incredible," and dismissal is justified on this ground alone. *Bussie v. Att'y Gen.*, Nos. 13-cv-476-wmc, 13-cv-477-wmc, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Moreover, Addison does not allege specific facts that would support liability against any of the defendants for violations of his federal rights. A Section 1983 claim requires personal involvement in specific conduct that violates the constitution. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal. . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful."). Addison includes no specific allegations of any conduct by any particular defendant other than Spencer, and his allegation against Spencer is farcical. A claim under Section 1983 also requires state action, but Addison has not alleged that any of the defendants acted under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotations omitted)).

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)). Because Addison's factual allegations are fantastical, he has no non-frivolous claims against any of the named defendants and the Court will dismiss his case without leave to amend.

## CONCLUSION

**IT IS HEREBY ORDERED** that Addison's complaint, ECF No. 1, is **DISMISSED**.

**IT IS FURTHER ORDERED** that Addison's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**.

Dated at Milwaukee, Wisconsin on January 28, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge